**In re SCRANTON ELECTRIC CONSTRUCTION COMPANY, INC., Debtor.**

**Bankruptcy No. 5-87-00391.**

United States Bankruptcy Court, M.D. Pennsylvania.

Sept. 14, 1989.

George E. Clark, Jr., Scranton, Pa., for Trustee, Joseph R. Gorman.

C.H. Welles, IV, Scranton, Pa., for Nancy Richardson, et al.

## MEMORANDUM AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

In this proceeding, converted from a Chapter 11 reorganization to one in liquidation under Chapter 7, we have for consideration an application of the Trustee for Approval of Appointment of Special Counsel and Fee Arrangement. The application was filed by Attorney George E. Clark, Jr., counsel for Joseph R. Gorman, Esquire, Trustee. A copy of the Application is attached hereto and made a part hereof.

Essentially, the application recites that the sole remaining asset of the bankrupt estate of any significance is a minority shareholder's derivative action captioned *Platt and Monick for Scranton Electric Construction Company v. Richardson, et al.* docketed in the United States District Court for the Middle District of Pennsylvania to Civil 88-0144.

Further, the application indicates that Lawrence M. Ludwig, Esquire, has served as minority shareholder's counsel throughout the entire proceeding. Attorney Ludwig undertook this matter on a 30% contingency basis subject to court approval and has expressed interest in accepting appointment as special counsel for the Trustee.

Defendants in the aforesaid action, Nancy Richardson, et al., point out, through their counsel, concern over this application on the ground that it does not appear that Attorney Ludwig meets the requirement for appointment of a professional person set forth in § 327 of the Bankruptcy Code. Particular importance is given to § 327(a):

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

This conclusion is apparently based entirely on Attorney Ludwig's representation of the minority shareholders and the contingency fee arrangement proposed by the application. Defendants' Memorandum refers to the definition of a "disinterested persons" in § 101(13) of the Bankruptcy Code. This section states that a disinterested person may not have "an interest materially adverse to the interest of the estate." No specific explanation was given for the statement in the Memorandum, but mention is made of the fact that "the parties to the suit carry a considerable person-

al animosity toward each other and this even carries back to the previous generation." There is no suggestion that this animosity extends to counsel in the civil action and it is certainly not unusual for litigants to have a degree of personal animosity toward each other. Unless more evidence is offered in this connection, it is difficult to see how this should disqualify Attorney Ludwig from this appointment.

It is interesting to note that § 327(e) has been interpreted to mean that there is no "disinterestedness requirement in this section and that this provision governs the hiring of special counsel." *In re Roberts;* 46 B.R. 815 (Bkrtcy.D.1985) at 824 points out that attorneys hired for special purposes need only the no adverse interest requirement.

There has been no suggestion here that Attorney Ludwig has an adverse interest to this estate. The only mention of an adverse interest to the debtor's estate by Defendants' Memorandum is the proposed method of compensation. It points out that Attorney Ludwig and his firm have spent over 500 hours and $7,500 on behalf of the minority shareholders and somehow or other, the fact that he is now proposing to represent the Trustee on a 30% contingency basis constitutes "an adverse interest." This arrangement is commonplace. The Trustee is himself an experienced lawyer capable of deciding whether this arrangement is an appropriate one. To say that given the extensive resources already devoted to the organization by Attorney Ludwig there is a "risk that his judgment as counsel to the Trustee might be influenced in a manner that might make an efficient and expeditious resolution of the suit for the benefit of the debtor's estate less possible" is nothing more than a gratuitous conclusion. Moreover, it involves a considerable amount of speculation.

The remainder of the Defendants' Memorandum regarding this appointment request by the Trustee deals with details of the contingency fee. Consideration of these matters at this time is at best premature.

The Brief submitted in behalf of the Trustee points out that his decision to retain Attorney Ludwig as special counsel was based on the following:

(a) the continued prosecution of the lawsuit was in the best interest of the Debtor and its estate;

(b) Attorney Ludwig was uniquely familiar with and in the best position to bring the lawsuit to the quickest and best resolution for the Debtor and its estate; and

(c) Attorney Ludwig and his firm could assume the role of special counsel to the Trustee in this matter without compromising the best interest of the Debtor and its estate.

In the judgment of this Court, the Trustee and his counsel, Attorney Clark, both experienced and highly skilled bankruptcy practitioners, are extremely capable of making the necessary judgments in this connection. In light of the time already devoted to this suit by Attorney Ludwig and the time of the administration of this estate, the proposed appointment clearly seems to be in the best interests of the estate and of the Trustee.

Accordingly, we enter the following order.

## ORDER

AND NOW, this 14th day of September, 1989, it is hereby

ORDERED that the Application of the Trustee for Approval of Appointment of Lawrence M. Ludwig, Esquire, as Special Counsel is herewith approved.